FAYETTE COUNTY, FOR USE AND BENEFIT OF LOOSAHATCHIE RIVER DRAINAGE DIST. *et al. v.* GRAHAM *et al.*

(*Jackson*, April Term, 1941.)

Opinion filed December 13, 1941.

Holmes & Holmes, of Trenton, and W. M. Mayo, of Somerville, for complainants.

C. A. Stainback, of Somerville, for defendants.

Mr. Justice DeHaven delivered the opinion of the Court.

The bill herein is one to enforce the lien of delinquent drainage assessments. Certain of the defendants moved the court for a rule on Holmes & Holmes and W. M. Mayo, solicitors, to show their authority for bringing and prosecuting this suit and in support of their motion filed the affidavit of J. A. Winfrey, one of the named defendants, which affidavit was, in substance, that these solicitors were without any lawful warrant or authority to act for complainant in the bringing of this suit. The chancellor did not make the rule requested; but the counter affidavit of A. G. Murrell, Chairman of the County Court of Fayette County and Chairman of the Board of Directors of Loosahatchie River Drainage District, was filed, wherein it was averred that, "as such Chairman, he, authorized Holmes & Holmes and W. M. Mayo, Attorneys, to file a bill in the Chancery Court of Fayette

County, Tennessee for the purpose of collecting delinquent assessments in said Drainage District.''

At the same time, the solicitors above referred to moved the court to add as parties complainants and as relators, George S. Ingraham, Mabel B. Ingraham and Frances T. Ingraham, it being averred that they are the owners of all the outstanding and unpaid bonds and coupons of said Drainage District.

The chancellor entered a decree, in part, as follows:

''In this cause certain of the defendants having moved for a rule on counsel claiming to represent the complainants to show their authority, and pending the consideration of said motion the counsel having moved to be allowed to add as parties complainant to the bill the names of George S. Ingraham, Mabel B. Ingraham and Frances T. Ingraham, as relators, and to amend the bill as set out in a written motion this day filed, upon consideration the Court is of the opinion that the affidavit of A. G. Murrell, filed herein on the 8th day of May, 1938, is not sufficient to show authority to W. M. Mayo and Holmes & Holmes to represent the Board of Directors of Loosahatchie River Drainage District. But the Court being of the opinion that the amendment, seeking to add George S. Ingraham, Mabel B. Ingraham and Franges T. Ingraham, as relators, should be allowed, it is so ordered; and the bill is accordingly so amended.''

Holmes & Holmes and W. M. Mayo excepted to the action of the court in holding that the affidavit of A. G. Murrell was insufficient to show their authority to represent the Drainage District, and certain of the defendants excepted to the action of the court in allowing the amendment to the bill adding parties as relators and refusing to dismiss the bill. These defendants then filed answer and among other defenses averred that the addition of

George S. Ingraham and other bond holders as relators did not authorize the suit, since Code, Sec. 4369 and Sec. 4370, expressly sets out the manner in which bondholders can sue.

Thereafter, the chancellor, upon complainants' motion struck from the answer all of the alleged grounds of defense except that which called for proof of the assessments. At the hearing there was a decree for complainants, determining the amount of delinquent assessments against the respective tracts of land, and ordering their sale.

On the appeal of some of the defendants, the Court of Appeals reversed the decree of the chancellor and dismissed the bill as to the appealing defendants. Complainants have filed their petition for *certiorari* to this court and assigned error.

■ It is first complained that the Court of Appeals should have remanded the cause for the chancellor to make a rule on complainants' solicitors to show their authority to represent the Drainage District. It is true that no such rule was made by the chancellor, but the solicitors whose authority was questioned proceeded to meet the issue by filing an affidavit which they insisted, and now insist, was sufficient to show such authority. It was not until the case reached the Court of Appeals that they undertook to say that no rule was actually made by the chancellor. Had the objection been seasonably made, the rule would, doubtless, have been made.

■ It is next contended that the affidavit of A. G. Murrell was sufficient to show that the solicitors filing the bill had authority to represent the Drainage District. The affidavit shows on its face that Murrell was chairman of the County Court and chairman of the Drainage District and that he *"as such chairman"* em-

ployed the attorneys, whose authority to act is questioned, to file the bill herein. Certainly, as Chairman of the County Court he had no such authority. The Drainage District is a *quasi* public corporation and is possessed of no powers, except as conferred by statute. Under Code, Sec. 4306, the Board of Directors of the Drainage District have the general control and management of the business affairs of the District and is vested with the power to make contracts. Suits in chancery for collection of delinquent assessments are authorized by Code, Sec. 4355. It is provided by Code, Sec. 4357, that, "when it is desired by the board of directors, or other interested party entitled to sue, to file such bill," delinquent list certified by the County Trustee shall be *prima facie* evidence. Nowhere in the statute is power conferred on the Chairman of the Board, or on the Chairman of the County Court, to employ attorney to bring suits for the collection of delinquent assessments. We think the chancellor and the Court of Appeals correctly ruled that the Chairman of the Board was without authority to employ attorney to bring this suit.

It is next complained that the Court of Appeals erred in holding that George S. Ingraham, Mabel B. Ingraham and Frances T. Ingraham, owners and holders of all outstanding bonds and coupons of the Drainage District, could not maintain the suit for collection of unpaid assessments. The drainage statute (Code, secs. 4187-4406) nowhere authorizes bondholders to institute suits for collection of delinquent assessments. It is provided by Code, section 4369, that when any bond or interest coupon, issued by any drainage district, has been past due for two years, the holder thereof (on complying with the requirements set forth "shall have the right to make application to any court of competent juris-

diction within the county or counties of said district for the appointment of a receiver therefor, and it shall be the duty of the said court, upon presentation of a petition properly verified, to appoint a receiver in such case to collect the assessments and taxes due any such district.'' The bill in the instant case does not seek the appointment of a receiver for the collection of the assessments; but, on the contrary, prays for judgment for the amounts of the delinquent assessments and that the lands be sold in satisfaction thereof. Under Code, section 4369 and section 4370, where a receiver is appointed on the suit of a bondholder, the receiver so appointed ''shall have power to institute suits for the collection of delinquent assessments.''

It is our conclusion that bondholders, either joining with the county as relators or alone, cannot maintain a suit for the collection of delinquent assessments.

*Certiorari* must be denied.