MADISON COUNTY, FOR USE AND BENEFIT OF DRAINAGE
DIST. NO. 3 *v.* CROOM *et al.*

(*Jackson,* April Term, 1944.)

Opinion filed May 6, 1944.

Designated for publication June 26, 1947.

48

SPRAGINS & WHITE, of Jackson, for complainants.

JOHN F. HALL, of Jackson, for defendants.

MR. JUSTICE NEIL delivered the opinion of the Court.

The original bill in this cause was filed by complainants on March 8, 1920, to enforce the collection of drainage assessments upon certain property of the defendants lying in Drainage District Number Three of Madison County. On July 19, 1927, they 'filed an amended and supplemental bill alleging that since the filing of the original bill "drainage taxes assessed against certain tracts of land located in said district have become delinquent and the owners of said land have failed or refused to pay same". They filed an exhibit, "E", which contains a list of the alleged delinquents as certified by the trustee of the county, showing the numbers, names of owners, and reference to the several tracts of land and the amount of assessments alleged to be due and unpaid. On January 23, 1934, they filed a "Second Amended and Supplemental Bill" in which reference is made to the original bill. In this second amended and supplemental bill complainants allege that the Drainage District was duly set up and established in the County Court under Chapter 185 of the Acts of 1909 and that there was issued $75,000 in bonds for drainage purposes to mature over a period of twenty years. It is averred "that there are now outstanding, due and unpaid more than $35,000.00 of principal of the bonds of said Drainage District" and that defendant land owners have

failed and refused to pay drainage assessments; that said bonds are held and owned by "the Maccabees", etc. They filed another exhibit showing a list of additional delinquents. Complainants pray that "the Maccabees" be made a party complainant to this suit so that the same will stand filed in the name of Madison County, for its Use and Benefit, and that said named individuals be made defendants. It is further prayed, "The Amended and Supplemental Bill be incorporated into and made a part of the Original Bill and Amended and Supplemental Bill heretofore filed in this cause, and if this cannot be done that it be treated as an Original Bill."

There was a demurrer filed by twenty-one of the defendant land owners by their solicitors upon the following grounds:

"The undersigned jointly and severally demur to the amended and supplemental bill filed against them in said cause and assign the following grounds for said demurrer, to-wit:

"First

"They demur to so much and such parts of said bill as seek to have the Maccabees made parties complainant and to have said suit stand filed in the name of the County for its use and benefit because said Maccabees as the holder of said bonds has no such right under the law.

"Second

"Because said bill is not in fact an amended or supplemental bill but is an original bill based in part upon matters which have transpired since the filing of the original bill in the cause.

"Third

"Because said bill is multifarious in that it contains a misjoinder of parties.

"Fourth

"Because said bill shows no equity on its face.

"Fifth

"Because said bill shows on its face that the total unpaid assessments is not sufficient to pay the outstanding bonds and complainant does not offer to protect or indemnify the defendants or any of them against loss or damage on account of said excess bonded indebtedness."

On November 1, 1934, the Chancellor upon due consideration of the record overruled the demurrer, and demurrants were allowed thirty days within which to answer. Upon motion of complainants a *pro confesso* was taken against sixty defendants and as to them the cause was set for hearing *ex parte*. Thereafter the demurrants filed an answer in which they attack the validity and legality of the Drainage District. They admit the issuance of the bonds, but they deny that they are now a lien on the lands. It is further denied that "the proceeds of the bond issue were expended for the purpose for which the Drainage District was attempted to be established". There is an express denial of "every allegation in the bill" and defendants call "for strict proof of all matters touching their rights in the above cause". On November 1, 1935, the Chancellor entered an order making the Maccabees a party complainant. Thereafter, on November 27th, complainants moved the Court for an order of sale of the lands of certain land owners against whom an order *pro confesso* had been entered, which motion was allowed. There was a similar motion made and granted as to other defendant land owners and allowed. On August 27, 1937, the Clerk and Master made his report to the effect that he complied with the order of sale and that the Maccabees became the purchaser, etc. It appears that the terms of sale were not complied with and of course not con'firmed. On September 30, 1938,

the Tennessee Securities Company, a corporation, etc., filed its petition in this cause alleging that it had become the purchaser from the Maccabees of all the bonds held by it. It prayed to be substituted in the place and stead of the Maccabees and that a receiver be appointed to "enforce and collect the outstanding assessments levied by the Drainage District and to exercise all the powers of the directors of said Drainage District in so collecting said assessments". To this petition there is filed an exhibit "A", which purports to show an assignment by the Maccabees of certain bonds to the petitioner. Later, on September 29, 1938, an order was entered permitting the Tennessee Securities Company to become a party complainant and upon its application one Biscoe Seals was appointed receiver for said Drainage District. He was also made a party complainant in the same order upon the executon of a proper bond, which was duly executed. Under said order the receiver was "authorized and empowered by the Court to take advantage of and receive the benefits of all process, pleadings, orders, etc., heretofore had and entered".

On November 14, 1938, a third amended and supplemental bill was filed to the original bill and to the first and second supplemental and amended bills, in which later bill there is a full history given of all the proceedings had prior thereto. This last bill is inarti'ficially drawn and the averments of the ownership of said lands are more or less uncertain in that there is no accurate description of the land and no positive averment as to actual ownership. As an illustration, it is averred that a certain tract containing eight acres was assessed to Mrs. M. W. Harris, but complainants are advised that said tract is now owned by E. E. Gowan. The same form of allegation is made as to most of the other alleged de-

linquents. There is no description of the property except as herein stated and that the trustee of Madison County certified that the assessments had become delinquent. Thereafter, on December 7, 1938, certain of the defendants appeared and moved the Court to dismiss the bill and assigned the following reasons: First that the original bill was filed on March 8, 1920, under which little if any action was ever had to this date, some eighteen years thereafter, and that the complainants are guilty of laches in not prosecuting their suit; that a supplemental and amended bill was filed some eleven years ago and through neglect and carelessness no action was taken, which constitutes laches in the prosecution of the bill. It is contended that this operated to release the defendants from all liability. As a further ground of said motion it is contended that after the second amended bill was filed no proof was ever offered and no hearing had as to these particular lands and that this constituted laches on the part of complainants. It is insisted that the Court had no authority to take action on the petition of Tennessee Securities Company or to order the appointment of a receiver and make him a party complainant; that said action was an *ex parte* proceeding in which the defendants had no notice. Another ground of the motion is that the rights of complainants were barred by the statute of limitations under Section 4354 of the Code of 1932. Said motion is supported by an affidavit of John F. Hall, Solicitor, in which affiant states that certain of the directors of the Drainage District now reside in Madison County, to-wit, H. D. Hammond and A. H. Wilde, County Judge, etc.; that the case has never been revived in the name of the present County Judge, etc.

The Chancellor overruled this motion and held that no facts are pointed out in said motion as would constitute

laches; that the order appointing receiver was proper. The motion was overruled and defendants given ten days in which to further plead. On February 16, 1940, the said defendants filed a demurrer to the third amended and supplemental bill upon a number of grounds, (1) complainants are without authority to file the bill; (2) that the Tennessee Securities Company and Biscoe Seals, receiver, are barred from any rights obtained under former proceedings. Grounds 3, 4, 5, 6, 7, 8, and 9 are merely argumentative of the issues. Grounds 10 and 11 are in effect a plea of the statute of limitations of six years. Code 1932, sec. 8600. Ground Number 12 is in effect a plea of the statute of limitations of ten years, as set out in Section 8601 of the 1932 Code. The Chancellor overruled the demurrer. Thereafter, on February 20, 1940, the same defendants filed an answer in which they deny all allegations in the bill and demand strict proof thereof. All defenses made in the demurrer are incorporated in the answer. It appears that on May 15, 1941, the same defendants who had filed an answer filed several motions to dismiss the bill, all of which are of the same tenor, and again raised the question of laches. The Chancellor decided the case on June 7, 1941, and filed a memorandum in which he found certain facts from the record. It appears that he sustained motions to dismiss the original bill and the first and second amended and supplemental bills and treated the third amended and supplemental bill in which the Tennessee Securities Company filed an intervening petition for the appointment of receiver as an original bill. In paragraph 3 of his memorandum he says: "The bill filed in January 1934, together with the certified list of delinquent taxes as an exhibit to the bill, constitutes a *prima facie* case as provided for by the statute in favor of the complainants, in

the absence of proof as to payment. There has been no such proof offered. The Complainants were and are entitled by statute to have the properties sold to satisfy the tax liens.''

In paragraph 4 he found as follows: ''On the 26 day of September, 1938, Tennessee Securities Company, a corporation, 'filed a petition setting fourth its ownership of all the outstanding bonds of Madison County Drainage Districe No. 3, which bonds were and are in negotiable form, and sought to be made a party to the proceedings in this cause. This petition also sought the appointment of a receiver for the Drainage District as provided for by statute. On the 29th day of September, 1938, an order was entered making Tennessee Securities Company a party complainant in this cause with power to prosecute the same in the name of Madison County for its own use and benefit and to take advantage of all process, pleadings, orders, judgments and decrees heretofore rendered herein. At the same time and in this same order Biscoe Seals was duly appointed Receiver of Madison County Drainage District No. 3.''

A decree was entered in accordance with the facts so found, to which exceptions were taken by certain defendants and appeal was prayed and granted.

These defendants have filed assignments of error to the judgment and decree of the Court. Without referring to each specific assignment, we are content to state our view as to the law applicable to the questions decided by the Chancellor.

(1) The defendants properly questioned the validity of all proceedings had in the case prior to the appointment of Biscoe Seals, receiver, on the ground that complainants Madison County, suing for the use and benefit of the Drainage District and for the use of the Maccabees,

and the Tennessee Securities Company, etc., were not proper parties and had no authority to institute the suit. In *State et al. v. Wilson et al.,* 179 Tenn. 54, at page 61, 162 S. W. (2d) 510, 513 it was expressly held: "The Act of the Legislature (Code sections 4369 and 4370) expressly provides that suits of this character must be brought by a receiver and not by an individual bond holder." Citing *Fayette County, for Use and Benefit of Loosahatchie River Drainage District et al. v. Graham et al.,* 178 Tenn. 54, 156 S. W. (2d) 379.

■ ■ (2) The Chancellor was correct in permitting the Tennessee Securities Company to file its petition praying for the appointment of receiver. Under the Code sections above cited it was his duty to appoint such receiver. There is no merit in defendants' contention that the Tennessee Securities Company "brought a lawsuit". We hold that as assignee of certain bonds it was a proper party and under the Code section cited they had authority to apply for the appointment of receiver.

■ ■ (3) The Chancellor was correct in holding that the ten year statute of limitations applied. Following our opinion in *State et al. v. Wilson et al., supra,* we hold that such statute ceased to run as of the date of the appointment of Biscoe Seals, receiver, and not from the filing of the original bill or the several amended and supplemental bills.

■ We find no merit in the defendants' contention that the proceedings establishing the drainage district were invalid or that their lands were not benefited. *State et al. v. Wilson et al., supra.*

■ (5) All orders *pro confesso* entered against certain defendants prior to the appointment of the receiver are without any force and effect, since complainants at that time had no authority to prosecute the case.

The cause must be reversed and remanded to allow such defendants to make defense to the receiver's suit including the statute of limitation of ten years. Furthermore, upon remand all defendants will be permitted to file a cross-action to the receiver's suit to show wherein they have been prejudiced by a failure to prosecute claims for alleged delinquent assessments, such as in equity would constitute laches.

NOTE. For a full discussion and appraisal of this opinion see *Cooper* v. *Little* (Tenn. App.), 201 S. W. (2d) 210, 215, 216, opinion by the late Mr. Justice KETCHUM of the Court of Appeals, Western Division.